IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AILERON SOLUTIONS          :    CIVIL ACTION
                           :
        v.                 :
                           :
                           :
HEALTH MARKET SCIENCE, INC. :   NO. 11-4244

MEMORANDUM

Bartle, J.                                    September 25, 2013

  Before the court is the motion of plaintiff Aileron Solutions "for leave to amend plaintiff's amended complaint to conform to existing evidence."

  Plaintiff filed its complaint alleging violations of the Lanham Act, 15 U.S.C. § 1051, and for tortious interference with contractual relations on June 29, 2011. After oral argument on defendant's motion to dismiss and the court's comments about the inadequacy of the complaint, plaintiff with leave of court filed an amended complaint on September 19, 2011. It is the gravamen of the plaintiff's lawsuit that defendant, a competitor of plaintiff, disparaged plaintiff's products to certain identified commercial consumers to plaintiff's financial detriment. Plaintiff also seeks injunctive relief.

  Discovery was prolonged, with the court extending the discovery period four times. The final deadline was July 15, 2013. It was not until August 9, 2013 that plaintiff filed its pending motion. This was nine days after defendant had filed its

motion for summary judgment in accordance with the court's Fifth Scheduling Order.

Rule 15(a) of the Federal Rules of Civil Procedure provides for amendment of pleadings before trial. Rule 15(a)(2) specifically allows the court to grant leave without the consent of an opposing party. According to the Rule, "the Court should freely give leave when justice so requires." The Supreme Court, in Foman v. Davis, 371 U.S. 178, 182 (1962), has explained that an amendment should be denied if there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by earlier amendment, undue prejudice, or futility.

Plaintiff has not submitted a proposed second amended complaint with its moving papers. Our Court of Appeals, in a number of decisions, has held that a motion to amend should be denied when the movant has not supplied to the court a copy of its proposed amended complaint. Fletcher-Harlee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 252 (3d Cir. 2007); Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000). Otherwise, the court is unable to determine whether the amendment would be futile. Fletcher-Harlee, 482 F.3d at 252. Without the proposed amended complaint, "the court has nothing upon which to exercise its discretion." Lake, 232 F.3d at 374.

In both Fletcher-Harlee and Lake, the plaintiffs had not advised the court what the amended complaint would say. In Lake, a civil rights action with related state claims, the plaintiffs simply had "requested leave to amend their complaint

to allege new, but unspecified facts." Lake, 232 F.3d at 365. In Fletcher-Harlee, the District Court had dismissed a contract claim because no offer and acceptance existed. Plaintiff opposed the motion to dismiss but never requested leave to amend. The Court of Appeals rejected the plaintiff's argument that the District Court committed error in not offering to allow an amended complaint sua sponte. Fletcher-Harlee, 482 F.3d at 251.

In this case, plaintiff's motion is no more specific than to seek to amend its already once amended complaint "to conform to existing evidence." In its supporting brief, plaintiff reviews the history of discovery, including the correspondence between counsel. It also discussed at length deposition testimony and various documents produced in discovery. The brief never specifies the language plaintiff intends to add to the amended complaint. At the conclusion of the brief, it merely states that it seeks "leave to conform the pleading to the existing documentary and testimonial evidence that demonstrates the disparaging conduct alleged in the current complaint with additional customers, namely Cordis, Zimmer, and Barxx." From this mass of material, it is not the role of the court to speculate exactly what or how plaintiff would plead with respect to these customers or to write in effect the second amended complaint for plaintiff, particularly in light of the Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Even if the court were to allow an amendment sight unseen, plaintiff concedes that defendant is likely to need additional discovery and adds that it would have no objection. In the court's view, however, any additional discovery would constitute undue delay. Discovery, which has been extensive, ended on July 15, 2013. As noted above, the court had entered four orders extending the discovery deadline, and the defendant now has pending its motion for summary judgment. Allowing an amendment sight unseen would also invite another motion to dismiss since the court has not yet passed upon its specific wording. The pending summary judgment motion, of course, would be moot, and a superseding motion would undoubtedly follow after the supplemental discovery had been completed. Any trial of this rapidly aging case, now scheduled for the month of November, 2013, would have to be postponed.

In sum, plaintiff's failure to attach a proposed second amended complaint is fatal to its pending motion. We simply cannot properly consider a motion to amend without compliance with the salutary requirement set forth by our Court of Appeals in Fletcher-Harlee and Lake. We reiterate what the Court of Appeal cogently stated in Lake, "the court has nothing upon which to exercise its discretion." Lake, 232 F.3d at 374. Finally, even if somehow an amendment would otherwise be proper, it would cause undue delay at this late date. Foman, 371 U.S. at 182. Accordingly, the motion of plaintiff for leave to amend the amended complaint to conform to existing evidence will be denied.